# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-60503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

KENNETH C. TAYLOR, JR.,

Plaintiff-Appellant

v.

A.W. BURNS, Assistant Warden at DCF, In Her Individual Capacity; UNKNOWN PERRY, Nurse Supervisor, In Her Individual Capacity; MICHAEL BECKHAM, Nurse Practitioner, In His Individual Capacity; DOCTOR THOMAS LEHMAN, Medical Director, In His Individual Capacity; DOCTOR ROCHELL WALKER, Medical Doctor, In Her Individual Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:08-CV-36

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenneth C. Taylor, Jr., Mississippi prisoner # 66963, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 lawsuit, asserting claims of deliberate indifference to his serious medical needs, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a). We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

The undisputed record evidence establishes that Taylor did not complete the required three-step grievance process established by the Mississippi Department of Corrections (MDOC) prior to filing the instant lawsuit. *See Gates v. Cook*, 376 F.3d 323, 330 (5th Cir. 2004). If his brief is liberally construed, Taylor argues, for the first time on appeal, that he in fact exhausted his administrative remedies, "follow[ing] the proper institutional procedure" to address his complaint by forwarding his complaints upward through "the chain of command within the medical department." Even if the court were to consider the newly raised claim, it is insufficient to show any error in the district court's dismissal as Taylor's asserted pursuit of an informal grievance does not demonstrate the required exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Taylor alternatively contends that he should not have been required to exhaust his administrative remedies fully because the MDOC did not properly process his grievance. He additionally argues that he effectively exhausted his remedies because the step-two response was untimely, meaning that his grievance was pending for more than 90 days, in violation of MDOC policy.

As the district court determined, Taylor has not established a rare instance that would warrant waiver of the exhaustion requirement. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 215 (2007). Taylor's assertion that the MDOC improperly processed his grievance does not excuse his failure to pursue all three steps of the grievance procedure. *See Wright*, 260 F.3d at 358. Even if the relief he sought was unavailable under the grievance procedure or as a result of the way in which his grievance was processed, he is not excused from the exhaustion requirement. *See id*. Additionally, Taylor's assertion that he effectively exhausted his administrative remedies by virtue of the fact that

2

the step-two response was delayed, meaning that his grievance was pending for more than the 90 days allotted, is without merit; Taylor nevertheless was required to proceed to the third step. The expiration of the time for the prison to respond would result in exhaustion only if Taylor had timely pursued his grievance at each step of the process. *Cf. Underwood*, 151 F.3d at 295. To the extent that Taylor's arguments can be construed as an assertion that requiring him to exhaust his administrative remedies unduly prejudiced him, the argument is similarly unavailing as no "undue-prejudice" exception to § 1997e exists. *See Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002).

Taylor has not demonstrated any error in the district court's judgment. Accordingly, the judgment is AFFIRMED. Taylor's motion for a preliminary injunction is DENIED.