# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 7, 2011

No. 10-40569
Summary Calendar

Lyle W. Cayce
Clerk

EDWARD ACUNA MESQUITI,

Plaintiff-Appellant

v.

ANDRES GALLEGOS, JR., McConnell Unit; CRAIG PINNEY, McConnell Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-136

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edward Acuna Mesquiti, Texas prisoner # 1107834, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, which alleged that he had been assaulted by two prison guards. The district court granted summary judgment for the defendants based on Mesquiti's failure to exhaust administrative remedies. Mesquiti argues that, because his Step 1 grievance was never returned, he could not file a Step 2 grievance under prison rules.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40569

Therefore, he argues that he has exhausted his administrative remedies or that his failure to exhaust should be waived.

This court reviews a grant of summary judgment de novo. *Freeman v. Texas Dep't. of Crim. Justice,* 369 F.3d 854, 859 (5th Cir. 2004). Summary judgment is appropriate if the records discloses genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A prisoner who wishes to file a § 1983 suit against prison officials must exhaust his administrative remedies before doing so. 42 U.S.C. § 1997e(a); *Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004). To properly exhaust administrative remedies, the prisoner must "pursue the grievance remedy to conclusion." *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). A grievance must be pursued through both steps of the prison's grievance system before it can be considered exhausted. *See Johnson,* 385 F.3d at 515.

There is no dispute that Mesquiti did not submit a Step 2 grievance. The crux of Mesquiti's argument is that, because his Step 1 grievance was never returned, submission of a Step 2 grievance would have been futile. However, the Supreme Court has held there is no futility exception to the exhaustion requirement. *See Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Mesquiti's failure to pursue his grievance remedy to conclusion constitutes a failure to exhaust his administrative remedies. *See Wright*, 260 F.3d at 358.

Accordingly, the district court's judgment is AFFIRMED.