# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2014

Lyle W. Cayce
Clerk

DURWIN ABBOTT,

Plaintiff – Appellant

v.

CAPTAIN PERCY BABIN; MASTER SERGEANT TYRONE KILBOURNE;
WARDEN STEVE RADAR,

Defendants – Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC 3:12-CV-631

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Durwin Abbott is an inmate at Dixon Correctional Institute in Jackson, Louisiana. He brought this action under 42 U.S.C. § 1983 against Captain Percy Babin, Master Sergeant Tyrone Kilbourne, and Warden Steve Radar for use of excessive force against him. The district court granted summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30141

judgment to the defendants, concluding that Abbott failed to exhaust his administrative remedies.  We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Abbott alleges that on November 11, 2011, two prison guards rousted him from his bunk, ordered him to gather his belongings, and escorted him from his cell to a separate unit he refers to as "the bullpen."  Once there, Babin and Kilbourne harassed Abbott about previous Administrative Remedy Procedure complaints ("ARP's") he had filed against them.  Abbott alleges Babin punched him in the face and Kilbourne placed him in a chokehold.  He was eventually placed in an Administrative Segregation unit, where he was allegedly punched again.  Abbott alleges that much of this beating occurred after he was placed in handcuffs.  The beating caused him to fall to the ground, injuring his shoulder, and he alleges that the handcuffs were so tight that they caused nerve damage in one of his wrists.  Abbott claims that Babin and Kilbourne orchestrated this episode to retaliate against him for making the previous complaints.

On November 19, 2011, and again on January 10, 2012, Abbott filed an ARP against Babin, Kilbourne, and Major Douglas Stroughter, who is not a party to this appeal.  The ARP alleged "retaliation, malfeasance, harassment, unnecessary force, corporal punishment, and excessive force," discussed the events of November 11, and sought to place this particular incident within the broader context of his interactions with Babin and Kilbourne.  For example, Abbott complains that Babin's "constant[] harassment and hate for [him] is clearly personal" and that Babin and Kilbourne are "clearly out of control."  These allegations are interspersed with factual allegations about the events of November 11 and citations to other ARP's and complaints Abbott has filed or made on other occasions with various other parties, including the Federal Bureau of Investigation and the prison chaplain.

2

No. 14-30141

The Louisiana Department of Public Safety and Corrections (DOC) rejected Abbott's ARP on January 18, 2012, because the ARP contained multiple issues. On January 24, 2012, Abbott resubmitted the same complaint, stating that the prior rejection was part of a cover-up regarding his troubled relationship with Babin and Kilbourne. On May 21, having received no response to his resubmitted complaint, he wrote directly to the Secretary of the DOC, James LeBlanc, seeking a final response. The DOC sent a "SECOND STEP RESPONSE FORM," which stated that his ARP had been properly rejected at the screening stage because it contained multiple issues. On October 5, 2012, Abbott filed this suit seeking damages pursuant to 42 U.S.C. § 1983 for injuries allegedly suffered on November 11. The defendants moved for summary judgment, arguing that Abbott failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a). The district court concluded that Abbott's failure to cure the deficiencies that resulted in the rejection of his ARP represented a failure to properly exhaust his administrative remedies for the purposes of Section 1997e, granted summary judgment to the defendants, and dismissed Abbott's lawsuit without prejudice.

DISCUSSION

We review a grant of summary judgment *de novo*, applying the same standards as the district court. *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 365 (5th Cir. 2012). Our review of a dismissal of a prisoner's Section 1983 action for failure to exhaust administrative remedies is likewise *de novo*. *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001). Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this provision of the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321, exhaustion is a mandatory prerequisite to the filing of a suit by a prisoner with respect to prison conditions.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  Those rules "are defined not by the PLRA, but by the prison grievance process itself."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted.  *Id.* at 216.

The Louisiana Administrative Code provides to all prisoners in the Louisiana prison system a procedure for filing ARP's.  *See* LA. ADMIN. CODE TIT. 22, PT. I, §325 (2013).  The ARP is a three-step process: "Screening," "First Step," and "Second Step."  *Id.* at J.  Initially, an ARP Screening Officer reviews all requests and may reject a request only if it meets one of ten enumerated restrictions.  *Id.* at I.  Relevant here, a request is rejected if "[t]he offender has requested a remedy for more than one incident (a multiple complaint)."  *Id.* at I(g).  A rejected ARP is returned to the prisoner with notice of its rejection.  *Id.* at I(a)(ii).  The grievance process does not commence until the ARP is accepted.  *See id.* at I(b).  After an ARP's acceptance, the "First Step" involves an investigation by prison staff; the results of the investigation and any proposed remedies are presented in a "First Step Response" form.  *Id.* at J(1)(a).  If the prisoner is unsatisfied with the response, he or she may appeal to the Secretary of the DOC, who provides his conclusion, or that of his designee, on the "Second

Step Response" form. *Id.* at J(1)(b). If the prisoner is still unsatisfied, suit may be filed in district court. *Id.* at J(1)(b)(iv).

Here, the ARP screening officer rejected Abbott's ARP because it contained references to more than the single incident upon which he sought relief. *See id.* at I(g). After his ARP was rejected, Abbott resubmitted the exact complaint already rejected. Because of the failure to submit a procedurally-acceptable ARP complaint, the merits of his allegations were never considered under the First Step of the ARP. Consequently, Abbott failed properly to exhaust his administrative remedies. *Woodford*, 548 U.S. at 93; *Jones*, 549 U.S. at 218. Abbott urges that he did, in fact, proceed to Step Two, and submits as evidence a response from the Secretary which was on the Second Step Response form. Though the Second Step Response form was used, the response itself contained no discussion of the facts or merits of Abbott's complaints, as would usually occur at Step Two of an accepted ARP. We are not persuaded that the Secretary's use of the Step Two Response form absolves Abbott of his responsibility to file a procedurally-proper ARP.

After concluding that summary judgment was proper, the district court dismissed Abbott's claim without prejudice. We agree that it was proper to dismiss, and to do so without prejudice.

Though we affirm, nothing in this opinion precludes Abbott from attempting to exhaust administrative remedies again. He does need to comply with the requirement of presenting a claim only as to one incident. The specific claim he apparently has been intending to bring concerns the injuries he says he sustained on November 11, 2011. If that is his primary claim, he needs to limit his ARP only to that incident. Should Abbott wish to pursue these remedies, we advise that he act immediately. We find no clarity in the statute or applicable regulation as to whether Abbott's initial filing of a grievance within 90 days of the November 2011 incident, though improper in form,

No. 14-30141

permits later efforts to file a proper claim.  We also note that compliance with the 90-day filing requirement "may be waived when circumstances warrant." LA. ADMIN. CODE TIT. 22, PT. I, § 325 G(1).  If Abbott does again file, we express no opinion on how such a filing affects the remedies available to him under this regulation.

Because no party argues that Abbott's October 5, 2012 filing of this suit was outside the applicable statutory period of prescription for a Section 1983 suit, there has been a tolling of the prescriptive period "during the pendency of this action and any additional state administrative proceedings" that may take place.  *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001).  Those administrative proceedings will continue to toll the period for filing a new Section 1983 suit, but he should file his ARP within 30 days of the issuance of the mandate of this court.

Abbott failed to follow the procedures for filing his ARP, and the defendants have carried their burden of showing that Abbott failed to exhaust his claim.  *See Jones*, 549 U.S. at 216; 42 U.S.C. 1997e(a).  Thus, the district court did not err by granting summary judgment to the defendants and dismissing his Section 1983 claim without prejudice.

AFFIRMED.