# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**

July 20, 2017

No. 16-60155
Summary Calendar

Lyle W. Cayce
Clerk

JIMMY POWELL, also known as Jamel Ansaaru El Majid,

Plaintiff-Appellant

v.

TIMOTHY MORRIS, Warden; ROGER DAVIS, Food Director; GENE NEWSOME; KENNETH POWELL, Chaplain; EUGENE WIGGLESWORTH,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CV-462

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jimmy Powell, Mississippi prisoner # 48033, filed a pro se 42 U.S.C. § 1983 complaint against officials at the Mississippi Department of Corrections (MDOC), alleging that they violated his First and Eighth Amendments rights. He appeals the magistrate judge's grant of the defendants' motions for summary judgment and the concomitant dismissal of his suit.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60155

We review a grant of summary judgment de novo, using the same standard as that employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party establishes this, the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). The defendants' summary judgment evidence shows that Powell failed to exhaust the MDOC's two-step Administrative Remedy Program (ARP) with respect to his complaint that he was not receiving a Halal diet, as he did not complete the second step of the ARP. *See Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015); MDOC Inmate Handbook, ch. VIII. Moreover, Powell has not met his burden of presenting evidence that shows that he exhausted the ARP. *See Duffie*, 600 F.3d at 371; *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

AFFIRMED.