# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2018

Lyle W. Cayce
Clerk

FREDRICK A. WARD,

Plaintiff-Appellant

v.

PIERRE JORDEN; LACRETIA JACKSON; OFFICER HOLLOWAY; DOCTOR SANTOS; NURSE BROWN; TIMOTHY GIBSON; DOCTOR BARR; LIEUTENANT KING; MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:16-CV-10

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Fredrick A. Ward, Mississippi prisoner # N3051, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil suit after it granted the defendants' motions to dismiss and motion for summary judgment. He asserts that the district court erred in granting the motions and in dismissing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants based on his failure to exhaust administrative remedies. Ward also argues that the district court erred in denying his motion for a default judgment against Officer Pierre Jorden. In his complaint, Ward had alleged that Mississippi Department of Corrections (MDOC) officers used excessive force during an assault and that they, along with MDOC medical personnel, were deliberately indifferent to his medical needs. He further alleged that the defendants violated his Eighth Amendment right against cruel and unusual punishment.

We review the grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). Aside from listing the procedural facts regarding the motions to dismiss and making the conclusional assertion that he stated a sufficient deliberate indifference claim, Ward does not make any reference to or arguments concerning the district court's specific reasons for granting the motions to dismiss. Because Ward offers no basis to disagree with the district court's analysis, any challenges to the grant of the Rule 12(b)(6) motions are deemed abandoned on appeal. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (concluding that issues were abandoned where appellant merely raised an issue in the questions presented and summary sections but did not discuss the issue in depth in the body of the brief).

We review de novo a district court's grant of summary judgment. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). We also review a dismissal for failure to exhaust administrative remedies de novo. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). The district court granted the MDOC's summary judgment motion after concluding that it was entitled to sovereign immunity. Ward does not challenge the district court's finding that the MDOC is entitled to sovereign immunity, nor does he challenge the district

court's conclusion that the MDOC's exhaustion defense was equally applicable to the nonmoving defendants.  Accordingly, he has abandoned any review of the district court's grant of summary judgment to the MDOC based on sovereign immunity under the Eleventh Amendment or the district court's decision to apply the failure to exhaust defense to all defendants.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We take a strict approach to the exhaustion requirement.  *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).  The record reveals that Ward did not pursue the prison's grievance procedure to its proper conclusion; therefore, he did not meet the exhaustion requirement.  *See Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  Because he raises it for the first time on appeal, we will not consider Ward's argument that a serious medical injury interfered with his ability to comply with the exhaustion requirement.  *See Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010).

Because Ward did not file a notice of appeal from the denial of his motion for a default judgment against Officer Jorden, we do not have jurisdiction to consider the district court's denial of that motion.  *See Capital Parks v. Southeastern Advertising & Sales Sys.*, 30 F.3d 627, 630 (5th Cir. 1994).  The judgment of the district court is AFFIRMED.