# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2019

Lyle W. Cayce
Clerk

DAVID JACKSON,

Plaintiff-Appellant

v.

PELICIA HALL, COMMISSIONER, MISSISSIPPI DEPARTMENT OF
CORRECTIONS, In Her Individual and Official Capacities; JACQUELYN
BANKS, In Her Individual and Official Capacities as Superintendent of
S.M.C.I.; CENTURION, (Company), Medical Provider,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:16-CV-199

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

David Jackson, Mississippi prisoner # 39640, filed a complaint against
the defendants under 42 U.S.C. § 1983, alleging that they had violated his
Eighth Amendment rights by failing to take measures to control disease and
provide him with medical treatment for various maladies. He appeals the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60247

district court's summary judgment dismissal of his claims for failure to exhaust administrative remedies and the denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. He also appeals the denial of his motions for the appointment of counsel and a preliminary injunction.

As an initial matter, Jackson's claims of procedural error in the handling of his case are unavailing. The magistrate judge did not exceed his authority by issuing a report to the district court recommending the denial of an injunction and the summary judgment dismissal of Jackson's claims. *See* 28 U.S.C. § 636(b)(1)(B). Nor did the district court err by ruling on Jackson's claims in the context of a summary judgment motion or abuse its discretion by dismissing his claims without allowing discovery or conducting an evidentiary hearing. *See* FED. R. CIV. P. 56; *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Jackson has not shown that the district court abused its discretion in denying his motion for the appointment of counsel. His claims are not particularly complex, and his prior filings demonstrate that he is capable of conveying his allegations. His case does not involve the type of exceptional circumstances that require the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

The district court also did not err by dismissing Jackson's claims for failure to exhaust and denying Jackson's Rule 59(e) motion. Summary judgment is proper if the pleadings and evidence, viewed in a light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c); *see Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). We review the district court's summary judgment dismissal of Jackson's action de novo. *See Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015).

No. 17-60247

Exhaustion is mandatory under 42 U.S.C. § 1997e(a).  *See* § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  The Mississippi Department of Corrections (MDOC) has a two-step Administrative Remedy Program (ARP) for presenting grievances.  The defendants met their initial summary judgment burden of showing that there was no genuine issue of material fact regarding exhaustion by referencing Jackson's concession that he had not completed the MDOC's two-step ARP and submitting an affidavit indicating that Jackson had not used the MDOC's ARP to raise issues relating to his claims.  Although Jackson submitted evidence of various informal complaints and ARP grievances he had filed, none of those documents contradicted the defendants' evidence on that crucial point.  *See Woodford*, 548 U.S. at 90-95; *Wilson*, 776 F.3d at 299-300.  Because Jackson failed to come forward with specific facts showing there was a genuine dispute as to exhaustion, the district court was required to dismiss his claims.  *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Jackson's failure to exhaust was not remedied by his alleged completion of the two-step grievance process after the district court dismissed his case.  *See id.*

As Jackson did not exhaust his administrative remedies before he filed his complaint, he could not show a likelihood of success on the merits of his claims.  He has not shown that the district court abused its discretion in denying injunctive relief.  *Moore v. Brown*, 868 F.3d 398, 402-03 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.