# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-30403
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2019

Lyle W. Cayce
Clerk

CHARLES NEELY,

                Plaintiff - Appellant

v.

REGGIE HAWKINS, Sergeant; BENJAMIN OLIVEAUX, Lieutenant; BRYAN SHARP, Sergeant; JAMES SPURLOCK, Captain; STEWART HAWKINS, Lieutenant Colonel,

                Defendants - Appellees

———————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-84

———————————

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Charles Neely, Louisiana prisoner # 302642, challenges the district court's granting defendants' motions for summary judgment against his 42 U.S.C. § 1983 action. In that regard, Neely claims the court erred in concluding he failed to exhaust his administrative remedies.

A summary judgment is reviewed *de novo*, using the same standard employed by the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2010).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).  If the movant succeeds in this showing, the burden shifts to the nonmovant to set forth specific evidence to support his claims.  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted".  42 U.S.C. § 1997e(a).  In other words, unexhausted claims may not be pursued in federal court.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  Our court takes "a 'strict' approach" to exhaustion and requires inmates "not just [to] substantially comply with the prison's grievance procedures, but . . . [to] 'exhaust available remedies *properly*'".  *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) (citation omitted) (emphasis in original).  A properly exhausted claim has "complete[d] the administrative review process in accordance with the applicable procedural rules".  *Abbot v. Babin*, 587 F. App'x 116, 118 (5th Cir. 2014) (alteration in original) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Neely failed to submit a grievance that complied with the prison's procedures and did not pursue the grievance process to its proper conclusion.  *See id.*  Further, he offers no evidence to demonstrate his administrative remedies were "unavailable".  *See Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).  Therefore, pursuant to our *de novo* review, Neely did not satisfy the exhaustion requirement.  *See Wilson*, 776 F.3d at 300; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

AFFIRMED.