# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60718

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

VIRGIL LAMONT JARVIS,

Plaintiff–Appellant,

v.

SHERIFF DAVID ALLISON, Pearl River County Sheriff; JULIA FLOWERS, Major/Warden; LISA WAYNE, Lieutenant; CHRIS PENTON, Correctional Officer; JOHNNY BELLAMY, Correctional Officer; JOHN DOE, Captain; JIM PHARES, Correctional Officer; COREY MATAYA, Captain,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CV-85

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Virgil Lamont Jarvis, Mississippi prisoner # 115718, seeks authorization to proceed in forma pauperis (IFP) in an appeal of the magistrate judge's order granting summary judgment and dismissing his 42 U.S.C. § 1983 complaint. He also moves for the appointment of counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60718

Jarvis's motion to proceed IFP on appeal is construed as a challenge to the magistrate judge's certification in writing that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

According to Jarvis, the magistrate judge incorrectly characterized his complaint and various motions as alleging constitutional violations based on "an inmate on inmate assault" while he was a pretrial detainee at the Lenoir-Rowell Criminal Justice Center (LRCJC) in Pearl River County, Mississippi. He further argues that he was entitled to have the magistrate judge's ruling reviewed by a panel of district judges.

A review of the magistrate judge's order granting summary judgment and denying Jarvis's other motions, however, reveals that the magistrate judge correctly understood Jarvis to be complaining about the actions taken against him by LRCJC officials following his physical altercation with other inmates. Moreover, in his notice of appeal, Jarvis challenged only the order granting summary judgment. He did not file an additional or amended notice of appeal challenging the denial of his post-judgment motion where he requested an "En Banc Hearing" before a panel of district judges. As such, we lack jurisdiction to consider any claims related to the denial of Jarvis's post-judgment motion. *See* FED. R. APP. P. 4(a)(4)(B)(ii); *Taylor v. Johnson*, 257 F.3d 470, 475 (5th Cir. 2001). Jarvis has thus failed to raise a nonfrivolous issue for appeal.

Jarvis next complains that the magistrate judge should have granted his motion to amend his complaint to allege facts concerning a subsequent

altercation with inmates at the LRCJC because that altercation was "a result of officers directing inmates to assault [Jarvis] in retaliation for filing suit." Though Jarvis identifies his filing as a motion to amend, it concerns events that occurred after the filing of his original complaint. As such, it is properly construed as a motion to supplement the complaint rather than a motion to amend. *See* FED. R. CIV. P. 15(d).

Leave to supplement should not be granted where the "transaction, occurrence, or event" is unrelated to the original cause of action. *See id.*; *see also Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). As the magistrate judge observed, the second attack involved different inmates and occurred months after the attack that formed the basis of Jarvis's initial lawsuit. Moreover, Jarvis did not claim, as he does now, that the defendants directed the second attack in retaliation for his filing a § 1983 lawsuit. Jarvis has failed to present a nonfrivolous issue for appeal with respect to the denial of his motion to supplement his complaint.

Jarvis argues that the magistrate judge erred in determining that his claims were unexhausted, and he persists with his argument that because prison officials failed to respond to his grievance, "exhaustion is deemed satisfied." As the magistrate judge explained, "[w]here a prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process," the prisoner is simply entitled "to move on to the next step in the process." *See Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). Jarvis, then, "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one [Administrative Review Procedure], irrespective of whether the prison responded within the time allotted for rendering step-one responses." *Id*. As such, he has failed to raise a nonfrivolous issue for appeal based on his failure to exhaust administrative remedies.

No. 18-60718

Finally, Jarvis claims that he is not subject to the Prison Litigation Reform Act (PLRA) because, at the time he filed his lawsuit, he was a pretrial detainee and not "a prisoner convicted of a crime." Jarvis is incorrect. A pretrial detainee is a "prisoner" for purposes of the PLRA and is subject to the PLRA's exhaustion requirement. *See* 42 U.S.C. § 1997e(h).

Because Jarvis has failed to raise a nonfrivolous issue for appeal, his IFP motion is DENIED. *See Howard*, 707 F.2d at 220. Additionally, because Jarvis has failed to show that he will raise a nonfrivolous issue, the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Jarvis's motion for the appointment of counsel is DENIED.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Jarvis is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.