# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2021

Lyle W. Cayce
Clerk

No. 20-30484

DAVID J. HAMILTON,

*Plaintiff—Appellant*,

*versus*

MELVIN GROOMS, *Master Sergeant at Camp C*; SHANNON
DEMARRS, *Individually and in his official capacity*, *Assistant Warden at
Camp C*; UNKNOWN BARNETT, *Health Authority/Social Worker at Camp
C*; ADAM HAYES, *Lieutenant Colonel*; LUKE RHEAMS, *Colonel at Camp
C*; JEFF FRANKLIN, *Major at Camp C*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-486

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30484

David J. Hamilton, Louisiana prisoner # 108298, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. The district court found that Hamilton did not exhaust his administrative remedies and granted summary judgment to the defendants whom Hamilton successfully identified. The district court further dismissed the claims against Unknown Barnett based on Hamilton's failure to exhaust. Also, the district court denied various motions.

By seeking leave to proceed IFP in this court, Hamilton is contesting the district court's denial of leave to proceed IFP and its certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Hamilton states that he wishes to challenge whether he exhausted his administrative remedies and whether the district court appropriately denied various motions. However, he offers only conclusory contentions and does not meaningfully set forth his claims or significantly address the reasoning for the district court's disposition of his complaint and motions. His claims do not substantively contest the certification decision. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also* Fed. R. App. P. 28(a)(8).

Even if Hamilton's arguments could be liberally construed to contend that the district court's grant of summary judgment was improper because he was excused from the exhaustion requirement, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he has not shown that there is a genuine issue of material fact regarding the exhaustion issue, *see Wilson v. Epps*, 776 F.3d 296, 299, 302 (5th Cir. 2015). The record, including his admissions in his complaint, supports

that he did not complete the administrative grievance process before he filed his § 1983 complaint and instead pursued only the first step of the process. The exhaustion requirement was not abrogated by the "backlogging" of his first-step grievance or the rejecting of his grievances for noncompliance with applicable procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *Wilson*, 776 F.3d at 301. Even if his first step grievance was not processed or reviewed in accordance with the deadlines prescribed by the "backlogging" policy, his failure to exhaust administrative remedies is not excused because he did not pursue the remedy process to its end. *See Wilson*, 776 F.3d at 301.

Thus, Hamilton has failed to show that there is a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. The district court therefore did not err in deciding that his appeal was not taken in good faith. *See id.* at 219-20. His request to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5ᴛʜ Cɪʀ. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Hamilton is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).