# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30122

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2022

Lyle W. Cayce
Clerk

Donald Barnes,

*Plaintiff—Appellant*,

*versus*

Darryl Vannoy, *Warden*; Peter Lollis, *Major*; John Maples, *Major*; Shawn Miller, *Sergeant*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-764

---

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Donald Barnes, Louisiana prisoner # 385417, has moved for leave to proceed in forma pauperis (IFP) on appeal from the dismissal without prejudice of his 42 U.S.C. § 1983 complaint. The district court found that Barnes did not exhaust his administrative remedies and granted summary

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

judgment in favor of the defendants. Barnes is contesting the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

To exhaust, a prisoner must comply with deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Nonetheless, prisoners must exhaust only available remedies. *Ross v. Blake*, 578 U.S. 632, 642-44 (2016). Without support, Barnes argues that the rejection of his grievance as untimely deprived him of the ability to challenge that determination through the second step of the grievance procedure. Barnes effectively concedes that he did not proceed to the second step of the prison grievance procedure. Accordingly, there is no genuine issue of material fact as to whether he exhausted his administrative remedies, and summary judgment was proper. *See Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015).

Barnes has failed to show that there is a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. The district court did not err in deciding that his appeal was not taken in good faith. *See id.* at 219-20. His request to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-39 (2015). Barnes is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).