NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2993
_____

ELIZABETH JOYCE,
                              Appellant
v.

TAYLOR HEALTH AND REHABILITATION CENTER LLC,
d/b/a Riverside Rehabilitation & Nursing Center,
f/k/a Taylor Nursing and Rehab Center

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-01124)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2015

Before: AMBRO, FUENTES, and GREENBERG, Circuit Judges

(Opinion filed: July 16, 2015)

_____

OPINION*
_____

AMBRO, Circuit Judge

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.    Background

Appellant Elizabeth Joyce, a licensed nurse, was employed for 18 years by Appellee Taylor Health and Rehabilitation Center, LLC ("Taylor Health").  She was dismissed after her supervisor, on successive days (July 19 and 20, 2010), caught her treating patients in public view—a violation of facility rules.  Joyce sued for age discrimination under both the Age Discrimination in Employment Act, 29 U.S.C. § 261 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 955 *et seq*.  The District Court granted summary judgment to Taylor Health, holding that Joyce didn't make out a *prima facie* case of age discrimination because she failed to show that she was replaced by a "sufficiently younger person."  In the alternative, even if she had made out a *prima facie* case, the Court held that Joyce didn't carry her burden under the familiar *McDonnell-Douglas* analysis noted below.  She appeals.[1]

## II.    Analysis

Because Joyce relies on circumstantial (rather than direct) evidence of age discrimination, we follow the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[2]  Under it, Joyce must first establish a *prima facie* case of discrimination, which requires her to show that (1) she is 40 or older, (2) Taylor Health took an adverse action against her, (3) she was qualified to do her job, and

---

[1]  The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.  We review the Court's grant of summary judgment *de novo*.

[2]  Because the standard under the PHRA is the same under the federal age-discrimination statute, we apply the federal standard.  *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506, 509 n. 2 (3d Cir. 2004).

(4) she was replaced by another employee who was sufficiently younger. *See Burton v. Teleflex, Inc.*, 707 F.3d 417, 426 (3d Cir. 2013).

Only the fourth element is at issue here: whether Joyce submitted enough evidence to satisfy the "sufficiently-younger" prong. Joyce argues that she did because, soon after she was fired, Taylor Health hired 25-year old Brandon Billings, which, in her view, establishes that a "sufficiently younger" person replaced her. We disagree. As the District Court noted, though the hiring of Billings correlated with Joyce's dismissal, there is no evidence he assumed any of her responsibilities. *See Joyce v. Taylor Health and Rehabilitation Center, LLC*, No. 3:12-CV-1124 at 12-13 (M.D. Pa. Feb. 28, 2014). And, only two weeks after he was hired, Taylor Health hired someone eleven years Joyce's *senior*: 64-year-old Mary Beth Hart. We thus conclude that Joyce failed to make out a *prima facie* case.

But, even assuming she did, Joyce still loses. Because Taylor Health offered a legitimate, non-discriminatory reason for dismissing her, *McDonnell-Douglas* puts the ball in Joyce's court to show it was a cover-up for the real reason the company allegedly fired her: to hire someone younger. To do so, she must introduce evidence that gives us reason either to (1) doubt the facility's explanation or (2) believe it is more likely than not that age played a role in her dismissal. *See Burton*, 707 F.3d at 427 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994)).

Regarding the former, to cast doubt on Taylor Health's reason for firing her, Joyce has to highlight a weakness, implausibility, inconsistency, incoherency, or contradiction in its story from which "a reasonable factfinder could rationally find [it] 'unworthy of

3

credence.'" *Fuentes* 32 F.3d at 765 (citation omitted). But she points to nothing of the sort, asserting only that Taylor Health's reason for firing her—violating company policy—was subjective and thus susceptible to abuse. We cannot agree. Despite her supervisor's caution against treating patients in public, Joyce disregarded the warning and broke the same rule only one day later. Hence the ultimate firing decision—though discretionary—was based on an objective violation of patient-care protocol.

We are likewise unpersuaded by Joyce's secondary arguments. First, contrary to her contention, the facility's failure to apply its progressive discipline policy to her case is not evidence of pretext. Under facility policy, when an employee willfully "fail[s] to carry out orders . . . or refus[es] to meet standards of performance," it is a "critical violation[]" that can lead to immediate termination. Joyce's conduct met that standard. Only one day after she was warned not to treat patients in public view, she did so again. Second, Joyce's assertion that it wasn't until her advanced age that the company began to scrutinize her work is belied by her employment record, which details a number of previous disciplinary actions.

We also conclude that Joyce has pointed to no evidence from which a reasonable juror could conclude that age played a role in her dismissal. As she herself testified, no supervisor ever mentioned anything about her age, the company relied heavily on older employees, and at the time of her termination there were ten other employees older than her in the same position.

In sum, even if Joyce has made out a *prima facie* case of age discrimination, she has failed to shoulder her burden that Taylor Health's reason for firing was a pretext.

4

\* \* \* \* \*

For the foregoing reasons, we affirm the District Court's decision.