# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20345

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2016

Lyle W. Cayce
Clerk

PROSPECT CAPITAL CORPORATION,

Plaintiff - Appellant

v.

MUTUAL OF OMAHA BANK; THE ENMON IRREVOCABLE FAMILY
TRUST; GRACE W. ENMON; KICKAPOO KENNELS, L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

This appeal arises from a declaratory judgment action seeking a declaration as to which party—Prospect Capital Corporation, appellant here, or Mutual Bank of Omaha, appellee—had priority, under Texas law, in certain collateral. In 2008, in litigation unrelated to this case, Prospect obtained a money judgment for approximately $2.3 million against Michael Enmon in federal court in New York. To avoid paying the judgment, Enmon engaged in a series of fraudulent transfers of his assets. His most valuable asset was Texas mineral rights—worth between $440,000 and $840,000 at the time and rapidly increasing in value—which he transferred to his mother, Grace Enmon, who

No. 15-20345

then sold part of the rights and transferred most of the proceeds to an "irrevocable trust." The trust thereafter acquired a tract of land and personal property in Texas. Enmon also formed a dog-kennel business called Kickapoo Kennels, LLC, which was 90% owned by the trust.

In 2009 and 2010, Kickapoo and the trust applied to Mutual for two small-business loans totaling approximately $2.3 million. Mutual extended the loans and obtained in return security interests in (1) the mineral rights, (2) the real property owned by the trust, and (3) the personal property owned by both Kickapoo and the trust. Each time, Mutual immediately perfected its liens. Thereafter, in February 2013, Prospect recorded the abstract of its New York money judgment in the Harris County, Texas, real property records.

In April 2013, Prospect brought the current declaratory judgment action against Mutual in federal court in Texas, seeking a declaration that Prospect had a superior interest to Mutual in (1) the mineral rights, (2) the Kickapoo real property, and (3) the Kickapoo personal property. Mutual filed a motion for summary judgment, which the district court granted. This appeal followed.

Prospect challenges the summary judgment. Prospect argues that, under Texas's law of title disputes, it was entitled to a declaratory judgment that it had priority over Mutual in the contested collateral. We review a summary judgment de novo, applying the same legal standards as the district court. *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). Summary judgment is proper when the pleadings, the discovery and disclosure material on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Texas law—which the parties agree applies here—"[i]n a contest over rights or interests in property, ordinarily the party that is first in time is first in right." *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 668 (Tex.

App.—Fort Worth 1998, pet. denied). Mutual secured its first and second liens in the contested collateral in 2009 and 2010. In Texas, "[a] judgment lien is created by filing and indexing an abstract of judgment." *Drake Interiors, L.L.C. v. Thomas*, 433 S.W.3d 841, 847 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Prospect did not record an abstract of its New York judgment in the Texas real property records until 2013. Thus, Prospect's lien arose after Mutual's liens and security interests. Under the general rule, then, Prospect's lien is "junior" to Mutual's liens and security interests.

Prospect argues that it should have priority nonetheless because Mutual was not a "bona fide" lender under Texas's general law of title disputes. But bona-fide lender doctrine comes into play only as a defense to a claim by a "holder of a prior unrecorded deed or other unrecorded interest in the same property," *Noble Mortg. & Inv., LLC v. D & M Vision Inv.*, LLC, 340 S.W.3d 65, 75 (Tex. App.—Houston [1st Dist.] 2011, no pet.), and Prospect did not have an interest in any of the specific contested collateral at the time that Mutual took its liens. "In Texas, no lien is created by the mere rendition of a money judgment." *Rogers v. Peeler*, 271 S.W.3d 372, 375 (Tex. App.—Texarkana 2008, pet. denied). Instead, to create an interest in specific property, a judgment creditor must correctly file and index an abstract of judgment in the real property records "in accordance with the provisions of the property code." *Murray v. Cadle Co.*, 257 S.W.3d 291, 296 (Tex. App.—Dallas 2008, pet. denied); *see* Tex. Prop. Code § 52.001. Thus, Prospect's unabstracted and unexecuted money judgment did not give it a lien interest in any of the specific contested collateral. Hence the doctrine does not apply.

Prospect also argues that the district court abused its discretion by granting summary judgment before the close of discovery. We review a district court's denial of a Rule 56(d) motion for abuse of discretion. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). Although

No. 15-20345

Rule 56(d) motions for additional discovery are "broadly favored and should be liberally granted," parties seeking Rule 56(d) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* (quoting *Raby v. Livingston*, 600 F.3d 552, 562 (5th Cir. 2010)). Instead, a party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *Raby*, 600 F.3d at 561).

Below, Prospect argued that it was entitled to further discovery to develop "strands of evidence" relating to Mutual's "failure to conduct reasonable diligence." Presumably, such evidence would relate to Prospect's bona-fide lender argument, which, as shown above, fails. Prospect also argued that it was entitled to additional electronic discovery related to allegedly backdated documents produced by Mutual. But the magistrate judge denied Prospect's motion to compel that electronic discovery, and Prospect did not object to the denial. That means that the electronic discovery was not "susceptible of collection within a reasonable time frame"—Prospect was never going to get it—so it cannot support Prospect's Rule 56(d) motion. On appeal, Prospect identifies no other "specified facts" that additional discovery would reveal, much less explain how such facts would influence the outcome of the summary judgment motion. *Id.* Thus, Prospect has not shown that the district court abused its discretion in denying Prospect's request for Rule 56(d) relief.

The judgment of the district court is AFFIRMED.