# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20704
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

JOSHUA W. PARRISH,

　　Plaintiff–Appellant,

v.

JAMES E. BERRY, Lieutenant at Ellis Unit; FREDERICK J. MCCULLOUGH, Lieutenant at Ellis Unit; JAN A. GUSTAFSON, Lieutenant at Ellis Unit; TONI DEER; BETTY WILLIAMS; GWENDOLYN CHARVET; JAMES COLEMAN,

　　Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2339

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:[*]

Joshua W. Parrish, Texas prisoner # 1619201, filed a civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs and naming numerous employees of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20704

CID) and employees of the University of Texas Medical Branch (UTMB) as defendants.

TDCJ-CID employees Lt. James E. Berry, Lt. Frederick J. McCullough, and Lt. Jan A. Gustafson moved to dismiss Parrish's complaint against them as unexhausted under 42 U.S.C. § 1997e(a).  UTMB employees, Physician Assistant (PA) Toni Deer, Dr. Betty Williams, nurse Gwendolyn Charvet, and Dr. James Coleman moved for summary judgment.  The motion sought dismissal of the claims against Charvet, Coleman, and Williams for failure to exhaust and summary judgment in favor of Deer because Parrish had not alleged that she had been deliberately indifferent to his serious medical needs. The district court concluded that only the claim against Deer had been administratively exhausted and dismissed the claims against the other defendants.  The district court then concluded that Parrish had failed to allege a constitutional claim against Deer.  Parrish appeals.

"We review a summary judgment de novo, applying the same legal standards as the district court."[1]  A prisoner who wishes to file a § 1983 suit for damages against prison officials must exhaust administrative remedies before doing so.[2]  As Parrish did not pursue a grievance through the Texas prison system regarding any of his allegations except his allegations against Deer, he failed to satisfy the exhaustion requirement with respect to all his claims against the other defendants.[3]  The district court did not err by dismissing the claims against all the defendants except Deer.[4]

---

[1] *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 756-57 (5th Cir. 2016) (citing *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir.2015)); *see also Mississippi River Basin All. v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citing FED. R. CIV. P. 56).

[2] 42 U.S.C. § 1997e(a).

[3] *See Johnson v. Johnson*, 385 F.3d 503, 515, 522-23 (5th Cir. 2004).

[4] *See Jones v. Bock*, 549 U.S. 199, 202-03 (2007).

No. 18-20704

To state a claim under the Eighth Amendment against Deer, Parrish must have alleged facts to show "deliberate indifference to [his] serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'"[5] "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."[6]  As the district court concluded, Parrish's disagreement with Deer's medical conclusion does not support a claim of a constitutional violation.[7]

AFFIRMED.

---

[5] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

[6] *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir.1993)).

[7] *See Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994); *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).