# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40043

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2020

Lyle W. Cayce
Clerk

JUAN ALANIZ,

      Plaintiff–Appellant,

v.

U.S. RENAL CARE, INCORPORATED,

      Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CV-146

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

OWEN, Chief Judge:*

Juan Alaniz sued U.S. Renal Care, Inc. (USRC), his former employer, alleging age discrimination and that USRC retaliated against him for engaging in activities protected by the Age Discrimination in Employment Act (ADEA). The district court granted summary judgment to USRC. We affirm the district court's judgment with respect to the retaliation claim but reverse and remand regarding the age discrimination claim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

**I**

Alaniz was hired by Rebeca Perez in August 2016 to work as a Licensed Master Social Worker in USRC's San Benito clinic.  Alaniz alleges that shortly after he began working for USRC, coworkers began harassing him.  For instance, in January 2017, Perez told Alaniz that a younger person was waiting to be called in for his position.  That March, Perez told Alaniz that younger employees can move more quickly and be more easily molded than older employees.  A clerk in the front office also told Alaniz that it was a joke for old people to continue to work.

Alaniz also alleges that younger colleagues would use the overhead intercom to page him for questionable reasons, such as receiving a fax, receiving a letter, or seeking his response to random questions, all while mocking him and admonishing him to "hurry up."  These colleagues would also walk into Alaniz's office without knocking on the door to answer his phone or take papers from his desk while he was counseling patients on private, sensitive matters.  Having witnessed this harassment, patients under Alaniz's care told him that they were unhappy with the lack of respect shown to him by clinic staff.

In April 2017, Alaniz reported each of these matters and others to USRC's human resources department in a formal grievance.  Ryan Alicaya, USRC's regional director, came to the clinic to respond to the grievance.  At the start of their meeting, Alicaya allegedly told Alaniz that he was going to side with Alaniz's supervisor.  Alicaya also implied he would fire Alaniz if he needed to return.  During this time, someone, either Alicaya or a clinical outcome specialist, told Perez to document all of the staff's complaints against Alaniz.  Following these meetings, Perez gathered grievances against Alaniz from other employees.  She also wrote three of her own.

2

Alaniz's colleagues allegedly continued to harass him. As a result, Alaniz filed a complaint with the EEOC in May of 2017. USRC received notice of the EEOC complaint, and soon thereafter, a physician at the facility came into Alaniz's office and asked if Alaniz had filed the complaint. When Alaniz confirmed he had filed the EEOC complaint, the physician "stormed out" of Alaniz's office.

Alicaya returned to the San Benito clinic in June, shortly after the physician's confrontation with Alaniz in Alaniz's office. Alicaya spent two days at the San Benito clinic reviewing allegedly forged patient documents. On the second day, Alicaya called Alaniz into a conference room and told Alaniz it would be Alaniz's last day with USRC. Alicaya accused Alaniz of forging a few signatures on patient forms.

When confronted with the alleged forgery, Alaniz denied the accusations. Alaniz also told Alicaya that he was not the only employee responsible for obtaining patient signatures. Alaniz knew that a patient whose signature he was accused of forging was on her way to the clinic that day. Alaniz asked Alicaya if he would talk with the patient and permit Alaniz to prove that he did not forge her signature. Alicaya refused and fired Alaniz. That day, the patient's husband wrote USRC a letter explaining that Alaniz did not forge his wife's signature; rather, the husband had signed the form in his wife's presence and with her permission because of her limited eyesight. When USRC reported Alaniz to the Texas Workforce Commission for forgery, the Commission found that the accusations lacked merit.

Alaniz was fifty-three years old when USRC terminated his employment. Following Alaniz's termination, USRC recalled Delia Rocha to replace him. Rocha was the retired social worker whom Alaniz had originally replaced. She was nearly six years older than Alaniz. Following earlier advice from Alaniz

3

that the clinic could use two social workers due to the large number of cases, USRC also hired a second social worker, Bianca Acosta, in August, about a month and a half after Alaniz's termination. She was twenty-six years old at the time. Rocha, meanwhile, continued working for USRC for at least fifteen months after she was rehired.

Alaniz sued USRC, asserting age discrimination and that USRC retaliated against him for engaging in activities protected by the ADEA. The district court granted summary judgment to USRC. This appeal followed.

## II

"We review a summary judgment de novo, applying the same legal standards as the district court."[1] Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] When reviewing summary judgment, "[t]he evidence and all inferences must be viewed in the light most favorable to the non-movant."[3]

## III

We have carefully reviewed Alaniz's response in the district court to USRC's motion for summary judgment. The only issue that Alaniz addressed in that response was his age discrimination claim. He did not brief his retaliation claim, top side or bottom, in the district court. Though he did brief

---

[1] *Prospect Capital Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 756-57 (5th Cir. 2016) (citing *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir.2015)); *see also Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (citing *Ezell v. Kan. City S. Ry. Co.*, 866 F.3d 294, 297 (5th Cir. 2017)).

[2] FED. R. CIV. P. 56(a).

[3] *Germain v. US Bank Nat'l Ass'n*, 920 F.3d 269, 272 (5th Cir. 2019) (citing *FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993)).

the retaliation claim in this court, we cannot consider an issue that was not presented to the district court.[4]

## IV

The ADEA "prohibit[s] an employer from discharging an employee on account of that employee's age."[5] "Because 'there will seldom be eyewitness testimony as to the employer's mental processes,' claims brought under [the ADEA] typically rely on circumstantial evidence that is evaluated under the burden-shifting framework first articulated in *McDonnell Douglas*."[6] "Under *McDonnell Douglas,* a plaintiff must first establish a prima facie case of age discrimination by showing that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."[7]

"If the plaintiff successfully makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the termination."[8]  If the employer articulates a legitimate reason for termination, then the "employee must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true

---

[4] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court." (first citing *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002); and then citing *Frank C. Bailey Enters., Inc. v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir. 1978))).

[5] *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015); *see also* 29 U.S.C. § 623(a)(1).

[6] *Goudeau*, 793 F.3d at 474 (first quoting *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 141 (2000); and then citing *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1504-05 (5th Cir. 1988)); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[7] *Goudeau*, 793 F.3d at 474 (internal quotation marks omitted) (quoting *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005)).

[8] *Id.*

reasons, but were a pretext for discrimination.'"[9]  "The ADEA thus requires a 'but-for' standard of causation."[10]   Further, when the employer fires an employee based on allegations leveled by another employee, the plaintiff successfully rebuts the employer's proffered reason for the termination if the plaintiff presents evidence that the termination was in bad faith.[11]

Here, Alaniz gives two reasons for why he has made a prima facie case that USRC engaged in age discrimination against him.  First, Alaniz argues that he was an adequate worker based on his performance review, yet he was replaced by someone who was both outside the protected class and significantly younger than him.  Although Alaniz was immediately replaced by Rocha, who was nearly six years older, USRC also hired a second social worker, Acosta, who was twenty-seven years younger than Alaniz.  Alaniz argues that USRC actually replaced him with Acosta; Rocha was only legal cover, he asserts. Alaniz bases this second argument on the contention that "[t]he record supports the inference that actions taken by management were designed to protect the company rather than protect Alaniz from discrimination."  Alaniz specifically mentions the fact that USRC began collecting grievances against him after he filed a human resources complaint about age discrimination.  The argument is that the company was trying to protect itself from future litigation, as evidenced by the collection of grievances, and rehiring Rocha as cover was in line with that goal.

With regard to Alaniz's first argument, Rocha was Alaniz's immediate and sole replacement for nearly two months.  She also remained on the job for at least fifteen months after being rehired—longer than Alaniz worked at USRC.  To the extent that Alaniz was replaced by both Rocha and Acosta,

---

[9] *Id.* (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 231 (5th Cir. 2015)).
[10] *Id.* at 475 (quoting *Squyres*, 782 F.3d at 231).
[11] *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010).

whenever a business replaces someone with both older and younger employees, a number of courts have held that a plaintiff is generally unable to establish a prima facie case of age discrimination based on replacement by a younger employee.[12]

However, we note that although replacement by someone older suggests there is no age discrimination, it does not prove there was no age discrimination.[13]  In fact, our sister circuits have concluded that various facts can reasonably support an inference that an older, temporary replacement was simply hired to ward off a threatened discrimination suit, and that the plaintiff can still prove he was "otherwise discharged because of his age."[14]  Alaniz does point to evidence that he was "otherwise discharged because of his age," as is often required in alleged-cover cases.[15]  Perez made several ageist comments to Alaniz.  She told him that a younger person was waiting to be called for his position.  Perez remarked to Alaniz that young employees move more quickly and can be molded more easily.  She also stated that she did not understand why old people were getting jobs and young people were looking for work. Alaniz has also presented evidence that the reason for his termination, forging a patient's signature on a form, was false and pretextual.  Though Alaniz's briefing is not well organized, his age discrimination should have survived summary judgment on the record presently before us.

---

[12] *See, e.g.*, *Hyland v. Am. Int'l Grp.*, 360 F. App'x 365, 367 (3d Cir. 2010); *Joyce v. Taylor Health & Rehab. Ctr., LLC*, No. 3:12-CV-1124, 2014 WL 807472, at *5-6 (M.D. Pa. Feb. 28, 2014), *aff'd*, 609 F. App'x 104 (3d Cir. 2015); *Reese v. Micro Dental Labs.*, No. C 06-5873 SBA, 2007 WL 2949548, at *4 (N.D. Cal. Oct. 10, 2007), *aff'd*, 323 F. App'x 594 (9th Cir. 2009); *Suslovic v. Black & Decker, Inc.*, No. 1:06CV116, 2007 WL 2153277, at *9 (N.D. Ohio July 23, 2007), *aff'd*, 300 F. App'x 393 (6th Cir. 2008) (per curiam).

[13] *See Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013 n.9 (1st Cir. 1979), *abrogated on other grounds by Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985); *see also Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 561-62 (10th Cir. 1996).

[14] *Goudeau*, 793 F.3d at 474; *see Greene*, 98 F.3d at 560-62; *Loeb*, 600 F.2d at 1013 n.9.

[15] *Goudeau*, 793 F.3d at 474; *see Greene*, 98 F.3d at 560-62.

\*    \*    \*

For these reasons, we AFFIRM the district court's judgment with regard to the retaliation claim and REVERSE and REMAND with regard to the age discrimination claim.