# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2022

Lyle W. Cayce
Clerk

No. 21-40120
Summary Calendar

John David Kennemer,

*Plaintiff—Appellant*,

*versus*

Kristi L. Pittman, *Warden*; Chibuike Onwuka, *Major*; James I. Laws, *Lieutenant*; Linda Hone, *Ramsey Unit Grievance Investigator*; Jeffrey Alford, *Kitchen Manager III*; George Flores, *Kitchen Manager III*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-123

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

John David Kennemer, former Texas prisoner # 2197180, filed a pro se complaint raising claims under 42 U.S.C. § 1983 and the Americans with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Disabilities Act against three employees of the Texas Department of Criminal Justice (TDCJ). He later filed an amended complaint naming three additional TDCJ employees. The district court granted summary judgment in favor of the defendants and dismissed Kennemer's claims because he failed to exhaust available administrative remedies. Kennemer argues that this grant of summary judgment was erroneous and premature.

With respect to timing, Kennemer maintains that the district court should have provided him an opportunity to respond to a supplemental defense filing and to obtain testimony from defendant Linda Hone. Our review is for an abuse of discretion. *See Prospect Cap. Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016); *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Kennemer does not explain what new facts he expected to learn from Hone or how they would have influenced the disposition of the summary judgment motion. Nor does he demonstrate prejudice based on the inability to submit further briefing. He thus fails to show that the district court erred by deciding the summary judgment motion prematurely. *See Prospect Cap. Corp.*, 819 F.3d at 757; *In re Stone*, 986 F.2d at 902.

Kennemer also fails to show that the district court erred in granting summary judgment because he failed to exhaust administrative remedies. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). This court takes a strict approach to the exhaustion requirement, holding that prisoners must exhaust available remedies properly. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015). The competent summary judgment evidence shows that Kennemer did not exhaust his administrative remedies, and his contention that the prison grievance process was unavailable to him finds no arguable basis in the record. *See Wilson*, 776 F.3d at 299-300; *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *Dillon*, 596 F.3d at 266. Kennemer also suggests that summary judgment was improper because he has shown that there is merit to his substantive claims alleging violations of his constitutional rights.

No. 21-40120

However, district courts "have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Accordingly, the district court's judgment is AFFIRMED. Kennemer's motion for the appointment of counsel is DENIED, and his motion for a decision on the briefs is DENIED.