## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 97-60734
Summary Calendar

DEBORAH STUART; DELLA MOORE,

Plaintiffs-Appellants,

versus

INGALLS SHIPBUILDING, INC., ET AL.,

Defendants,

INGALLS SHIPBUILDING, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
(1:95-CV-156-GR)

November 17, 1998

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:[*]

Deborah Stuart and Della Moore appeal an adverse summary judgment and the district court's denial of their motion for class certification. For the reasons assigned, we affirm.

## BACKGROUND

Plaintiffs brought this action against their employer, Ingalls Shipbuilding, Inc., alleging sexual discrimination in the promotion of female employees to advanced and

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

supervisory positions, sexual harassment, retaliation, and various constitutional and state law claims.[1] They also sought to certify a class consisting of all women who have been employed at Ingalls since December 25, 1992, or who may in the future be employed at Ingalls, and who would be discriminated against on the basis of sex or who would suffer from sexual harassment.

The district court granted summary judgment against both Stuart and Moore on their individual claims for several reasons, initially finding that their claims were time-barred because they failed to demonstrate any specific instance of discrimination within the preceding 180-day period. The court also held that plaintiffs did not establish a *prima facie* case of discriminatory denial of promotion because they could not demonstrate that they were qualified for or applied for a promotion. As the court noted, the plaintiffs' statistical and deposition testimony also failed to indicate that Ingalls intended to discriminate against them. The same findings were made as to plaintiffs' claims for discrimination in technician pay, department transfers, and assignment of overtime.

The district court also granted summary judgment on Stuart's and Moore's claim of hostile work environment sexual harassment, finding that the plaintiffs did not subjectively feel harassed and that there was no evidence of knowledge of the employer. The retaliation claim failed for lack of causal connection and failure of proof of any retaliatory act concerning ultimate employment decisions.

The district court denied plaintiffs' motion for class certification, holding that

---

[1] Plaintiffs have only appealed the portions of the district court's order dealing with their Title VII claims.

there was not sufficient statistical evidence to support a finding of discrimination in the workplace, specifically rejecting the statistics produced by plaintiffs' expert as unreliable. The requirements of Federal Rule of Civil Procedure 23 also were not satisfied because of the individual nature of the claims of the putative class and because of the lack of employer knowledge concerning the alleged incidents of harassment. The class certification order also denied the request for conditional certification and refused to conduct an evidentiary hearing. Stuart and Moore timely appealed both the district court's grant of summary judgment and the denial of class certification.

## ANALYSIS

We review the district court's grant of summary judgment *de novo,*[2] viewing the evidence in the light most favorable to the nonmovant.[3] Summary judgment is appropriate when the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] We will affirm the grant of summary judgment if the facts and inferences in favor of the prevailing party are so strong that no reasonable juror could arrive at a verdict contrary to the district court's decision and we will reverse if there is substantial evidence upon which reasonable jurors could differ.[5]

Our review of the record and briefs discloses no reversible error and,

---

[2] **New York Life Ins. Co. v. Travelers Ins. Co.**, 92 F.3d 336 (5th Cir. 1996).

[3] **Gutierrez v. Excel Corp.**, 106 F.3d 683 (5th Cir. 1997).

[4] Fed. R. Civ. P. 56(c); **Edwards v. Your Credit, Inc.**, 148 F.3d 427 (5th Cir. 1998).

[5] **Gutierrez**, 106 F.3d at 686.

accordingly, on the facts as found, the authorities cited, and analysis made by the district court in its Memorandum Opinion filed September 30, 1997, we affirm the grant of summary judgment in favor of Ingalls on plaintiffs' individual claims.

Plaintiffs also appeal the district court's denial of their motion for class certification. We review a district court's denial of class certification for an abuse of discretion.[6] If summary judgment on the claims of the individual plaintiffs is upheld, the court need not address the issue of class certification because the proposed representatives would not be able to represent the putative class adequately.[7] Our affirmance of the grant of summary judgment obviates the need to reach this question. Were we to do so, we would find no abuse of discretion in the trial court's denial of that motion. Accordingly, the judgment appealed is AFFIRMED.

---

[6] **J.R. Clearwater, Inc. v. Ashland Chemical Co.**, 93 F.3d 176, 180 (5th Cir. 1996) (stating that the trial court has "wide discretion" in deciding whether to certify a class); **Shipes v. Trinity Indus.**, 987 F.2d 311 (5th Cir. 1993).

[7] *See, e.g.,* **Trevino v. Holly Sugar Corp.**, 811 F.2d 896 (5th Cir. 1987).