# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2010

No. 09-50511

Charles R. Fulbruge III
Clerk

CHRISTOPHER WINN, on behalf of himself and all others similarly situated; WILLIAM CUMMINGS, on behalf of himself and all others similarly situated; CHRISTOPHER VILLEMARETTE, on behalf of himself and all others similarly situated; NATALIE CUMMINGS, on behalf of himself and all others similarly situated,

Plaintiffs - Appellants

v.

ALAMO TITLE INSURANCE COMPANY; FIDELITY NATIONAL TITLE INSURANCE COMPANY; CHICAGO TITLE INSURANCE COMPANY; TICOR TITLE INSURANCE COMPANY; FIDELITY NATIONAL FINANCE, INC; FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK; UNITED GENERAL TITLE INSURANCE COMPANY; FIRST AMERICAN CORPORATION; COMMONWEALTH LAND TITLE INSURANCE COMPANY; LAWYERS TITLE INSURANCE CORPORATION; LANDAMERICA FINANCIAL GROUP, INC; STEWART TITLE INSURANCE COMPANY; STEWART INFORMATION SERVICES CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-214

Before DAVIS, WIENER, and SOUTHWICK, Circuit Judges.

No. 09-50511

PER CURIAM:[*]

Plaintiffs are Texas homeowners who purchased title insurance from one or more of the Defendant companies. The homeowners complain that they were charged artificially inflated rates as a result of a price-fixing scheme. In Texas, the rates for title insurance are set by the Commissioner of Insurance. Title insurance companies are required to charge these rates.

On April 3, 2008, the homeowners filed this suit as a class action in the United States District Court for the Eastern District of Texas. The case was later transferred to the Western District. No class certification has apparently issued.

The homeowners insist that the companies' actions constitute a *per se* price-fixing scheme in violation of the Sherman Act. *See* 15 U.S.C. § 1. They also allege that the companies violated the Texas Deceptive Trade Practices Act and the Texas Free Enterprise and Antitrust Act. They also make certain common law claims.

In August of 2008, the title insurance companies jointly moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Among the allegations was that the federal and state claims were barred by the "filed-rate doctrine," which precludes actions against private entities for charging a rate set by the appropriate regulating authority.

On May 14, 2009, the district court dismissed on the sole basis that the filed-rate doctrine barred each claim. The homeowners timely appealed.

The filed-rate doctrine prevents state-regulated entities from charging rates other than those mandated by the proper authority. *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 577 (1981). The doctrine also prohibits suits by customers

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50511

against entities charging government-prescribed rates. *Keogh v. Chicago & Nw. Ry., Co*, 260 U.S. 156, 162-65 (1922).

The homeowners assert three reasons the filed-rate doctrine does not bar their claims: (1) applying the filed-rate doctrine to the companies' alleged antitrust violations is contrary to Texas law; (2) the Texas Insurance Commissioner's authority is too limited to justify application of the filed-rate doctrine; and (3) the companies' conduct violated federal and state antitrust law, making the filed-rate doctrine inapplicable.

In addition, the homeowners make various constitutional and state law arguments. Finally, they allege that they were improperly denied a right to amend their complaint.

After a review of the record and the briefs filed on appeal, we conclude, largely for the reasons expressed by the district court, that the filed-rate doctrine bars each of the homeowners' claims. None of the arguments that would allow evading that doctrine has merit.

We AFFIRM.