# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2022

Lyle W. Cayce
Clerk

No. 19-60588

Matthew Huskey,

*Plaintiff—Appellant*,

*versus*

Mary Jones, Captain (Unit 29); Derrick Munford, Captain (Unit 29); "John Doe" Griffin, Lieutenant (Key Control); Donovan Clark, Officer (Unit 29); Tommy Herring, Officer (K-9 Unit),

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:17-CV-140

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Carl E. Stewart, *Circuit Judge*:

Plaintiff-Appellant Matthew Huskey brought suit against Defendants-Appellees for conduct that occurred during his incarceration at the Mississippi State Penitentiary. The district court granted summary judgment in favor of Appellees, and Huskey appealed. We remanded to the district court for a factual inquiry into the timeliness of Huskey's Motion to Alter or Amend Judgment under Rule 59(e). *See* Fed. R. Civ. P. 59(e). The district

No. 19-60588

court determined that Huskey's appeal was not time-barred; thus, we have jurisdiction. Because Huskey established a genuine dispute of material fact as to whether administrative remedies were available to him, we REVERSE.

## I. Facts & Procedural History[1]

Huskey alleged that on September 8, 2016, while seeking care at a medical clinic, officers forced his face into a wall, yelled that he had a knife, took his shoes and pants off, and took turns slapping him in the face and head while he was restrained. According to Huskey, after the incident, Captain Mary Jones left him in flex cuffs for about an hour, refused to let him see a nurse, and then refused to transport him to the hospital after the doctor informed her that it was prison policy to do so. He further alleged than when he was taken to the hospital for an x-ray six days later, a doctor informed him that his arm was broken.

Huskey described his efforts to exhaust prison administrative remedies as follows. On September 12, 2016, he filed three grievances relating to the incident and requesting that the officers involved be punished. On September 23, 2016, the director of the Administrative Remedies Program ("ARP") rejected each grievance by marking a box on the ARP-1 forms indicating that the "REQUESTED RELIEF IS BEYOND THE POWER OF THE ARP TO GRANT." Appellees provided records showing that Huskey also filed a letter, dated September 21, 2016, attempting to amend the grievance that alleged that the officers committed violence against him, but the director responded on September 27, 2016, explaining that he would not process the request because the grievance had already been rejected. Huskey then filed three step two grievances, all dated October 6, 2016, requesting that his grievances be reinstated because the grievance

---

[1] The majority of the facts and procedural history herein are drawn from our original opinion. *See Huskey v. Jones*, 860 F. App'x 322, 323 (5th Cir. 2021).

2

No. 19-60588

procedure manual he reviewed did not list the ARP's lack of power to grant requested relief as an appropriate reason for rejection. In response, the director sent him a letter dated October 20, 2016, explaining that "it is not necessary to submit an appeal to this office requesting for Administrative Remedy on a case which was originally already rejected for the reason listed on the ARP-1 form(s) provided to you. Please be advised that once your request for Administrative Remedy is rejected, you cannot proceed to the second step on that rejection."

Huskey brought suit under 42 U.S.C. § 1983.[2] The district court held a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and dismissed some of Huskey's claims while allowing him to proceed with his claims that Appellees used excessive force against him and denied him adequate medical care. Appellees filed a motion for summary judgment, arguing that Huskey's claims should be dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Huskey opposed summary judgment, arguing that he had satisfied the PLRA's requirements by filing grievances and attempting to appeal his rejections after being told that he was not allowed to appeal them.

The magistrate judge granted the motion for summary judgment and dismissed the case for failure to exhaust administrative remedies. The district court entered judgment on April 4, 2019. Huskey filed a motion to alter or

---

[2] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

amend the judgment under Rule 59(e) that was dated April 27, 2019, but not post-marked until May 3, 2019. *See* Fed. R. Civ. P. 59(e). The magistrate judge accepted Huskey's motion but denied it. The magistrate judge subsequently granted Huskey's motion to proceed in forma pauperis on appeal. Huskey appealed.

We remanded to the district court because it was unclear whether we had jurisdiction over Huskey's appeal, given that it was potentially time-barred. The district court determined that his appeal was not time-barred because Huskey's Rule 59(e) was timely filed based on the prison mailbox rule. This case now returns to use once more and we address the merits.

## II. Standard of Review

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate if the record evidence "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Moreover, all facts and inferences must be viewed in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003).

## III. Discussion

The magistrate judge granted the motion for summary judgment and held that Huskey failed to exhaust the prison grievance process before bringing this lawsuit. *Huskey v. Fisher*, No. 1:17-CV-140, 2019 WL 1495275, at *2 (N.D. Miss. Apr. 4, 2019). Noting that all of Huskey's grievances were rejected during the initial screening phase of the process, the magistrate judge reasoned that rejection of a grievance at the screening phase terminates the process such that it cannot proceed to exhaustion. *Id.* at *4. The magistrate judge explained that if the deficiencies in a grievance are "technical" or "matters of form," an inmate can submit a corrected

grievance within five days, which, if accepted, may proceed through the process to exhaustion. *Id.* But because Huskey attempted to file step two grievances instead of a corrected grievance or a new grievance altogether, she reasoned that he did not exhaust his administrative remedies. *Id.*

> The exhaustion provision of the PLRA states:
>
> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Huskey acknowledges that the PLRA prohibits an inmate from bringing suit until he exhausts the administrative remedies that are available. He argues, however, that he satisfied § 1997e(a) by exhausting the remedies available to him because he followed the grievance policy set forth in the 2015 Mississippi Department of Corrections ("MDOC") Standard Operating Procedures ("2015 SOP") and had no knowledge of or access to the revised handbook that listed the claims ARP director's reason for rejection.[3]

The Supreme Court has held that "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). "To determine what remedies are 'available' and thus must be exhausted, we look to 'the applicable procedural rules . . . defined . . . by the prison grievance process itself.'" *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (alteration in original) (quoting *Jones v. Bock*, 549 U.S. 199,

---

[3] Relatedly, Huskey contends that the district court erred by taking judicial notice of the MDOC website displaying the revised 2016 Inmate Handbook. We disagree. This court has upheld taking judicial notice of the contents of a state agency's website and we do so again here. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of a Texas agency's website).

218 (2007)). "This circuit has taken a 'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies *properly*.'" *Id.* at 299–300 (quoting *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'" as defined "by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

However, "an inmate is required to exhaust . . . only those[] grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 578 U.S. at 642 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). The Supreme Court has identified three circumstances under which "an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 643. These circumstances exist "where (1) prison officials are 'unable or consistently unwilling to provide any relief to aggrieved inmates,' (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use' by an ordinary prisoner, or (3) prison administrators 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Hinton v. Martin*, 742 F. App'x 14, 15 (5th Cir. 2018) (citing *Ross*, 578 U.S. at 643–44).

The second and third circumstances are implicated here. To be sure, "courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). The facts of this case raise questions as to whether Huskey had such an opportunity.

Here, the 2015 SOP provided to Huskey and the 2016 online Inmate Handbook on which Appellees rely differ in significant ways. For instance, the 2016 online handbook explains that "[i]f a request is rejected for technical reasons or matters of form, the inmate shall have five days from the date of rejection to file his/her corrected grievance." The 2015 SOP does not contain this instruction. Additionally, both the 2015 SOP and the 2016 online handbook state that if a grievance is rejected during screening, "it must be for one of the following reasons." But the lists that follow are different. The 2016 online handbook provides five possible reasons, including that, "[t]he relief sought is beyond the power of MDOC to grant." Conversely, the 2015 SOP does not include inability to grant the relief requested—the basis for the rejection of Huskey's grievances—in its exclusive list of ten reasons for rejecting a grievance during screening.[4]

In rejecting Huskey's Rule 59(e) motion, the magistrate judge determined that the discrepancies between the SOP and handbook did not render remedies unavailable because (1) as a matter of reason, if the relief he requested was beyond the power of the MDOC to grant, then it could not be obtained through the grievance process; and (2) Huskey was at least on inquiry notice that the MDOC was using a different policy than what was set forth in the 2015 SOP. *Huskey v. Fisher*, No. 1:17-CV-140, 2019 WL 3082421, at *2 (N.D. Miss. July 15, 2019). However, based on the lack of record evidence that Huskey was aware of the 2016 online handbook or that he had

---

[4] Appellees address Huskey's argument that these differences created confusion by noting that "Huskey successfully navigated to completion a grievance regarding sexual harassment and the use of illegal cameras." We have rejected a similar argument in the past. *See Brantner v. Freestone Cnty. Sheriffs Off.*, 776 F. App'x 829, 831, 834 (5th Cir. 2019) (reversing the district court's grant of summary judgment in favor of the sheriff's office, sheriff, county, and other county employees where they pointed to an inmate's submission of a grievance form for an unrelated incident as evidence that he knew of the grievance process rules and had access to the relevant forms).

access to the internet at all, there is a genuine dispute of material fact as to whether the step of filing a corrected grievance within five days was available to him.

This court has previously reversed a district court's grant of summary judgment and held that there was a genuine dispute of material fact as to whether a remedy was available to an inmate where he was given "documents that only partially explained the prison processes." *See Brantner v. Freestone Cnty. Sheriffs Off.*, 776 F. App'x 829, 834 (5th Cir. 2019). In *Brantner*, an inmate appealed a district court's grant of summary judgment based on his failure to exhaust administrative remedies. *Id.* at 830. The jail asserted that its grievance procedures were set out in three documents: the County Jail Rules, the Grievance Plan, and the Inmate Rules Handbook. *Id.* at 831. It contended that Brantner was given the County Jail Rules and Inmate Rules Handbook when he was booked into jail. *Id.* at 833. However, we determined that Brantner had presented evidence that he never received the Inmate Rules Handbook. *Id.* at 834. What is more, he received the County Jail Rules, which stated that grievance forms would be available upon request and that "instructions would be provided," but he never received grievance forms despite repeated requests, nor did he receive further instruction. *Id.* at 830, 834. We reasoned that Brantner was "'thwart[ed]' from using prison processes because he was supplied with documents that only partially explained prison processes." *Id.* at 834 (alteration in original) (quoting *Ross*, 578 U.S. at 644). Thus, we held that Brantner satisfied the unavailability exception and was excused from exhausting administrative remedies. *Id.*

Similarly, here, Huskey asserts that he received the 2015 SOP, but not the 2016 online handbook. The 2015 SOP stated that the grievance "procedures will be posted in writing in areas readily accessible to all offenders," so he had no reason to believe its exclusive list was incorrect, outdated, or that there were other applicable rules that could only be found

online. Moreover, Appellees do not dispute Huskey's assertion that he did not have internet access and was thus not made aware of the revised handbook at the time that he filed his grievances. Instead, they contend that Huskey was "clearly provided a copy of Chapter 8 of the inmate handbook and was informed he could ask his case manager for a copy of the handbook." To support this assertion, they cite the MDOC's April 2019 response to Huskey's request for legal assistance from the Inmate Legal Assistance Program ("ILAP"). But because Huskey's grievances were filed and rejected between September and October of 2016, the ILAP staff's 2019 response does not demonstrate that Huskey knew of the 2016 online handbook at the time that he filed his grievances.

Huskey has presented evidence that he, like Brantner, was given documents "that only partially explained prison processes." Viewed in the light most favorable to Huskey, this evidence satisfies the unavailability exception under *Ross* because the "administrative scheme [was] so opaque that it bec[ame], practically speaking, incapable of use" by an "ordinary prisoner." *Ross*, 578 U.S. at 644. Accordingly, we hold that Appellees are not entitled to summary judgment because there is a genuine dispute of material fact as to whether administrative remedies were made available to Huskey.[5]

## IV. Conclusion

The district court's summary judgment is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.

---

[5] For purposes of completeness, we note that Huskey's Notice of Appeal states that he is also appealing the denial of his Rule 59(e) motion. We need not address this issue, however, given our reversal of summary judgment.