# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2023

Lyle W. Cayce
Clerk

———————

No. 22-30122

———————

Donald Barnes,

*Plaintiff—Appellant*,

*versus*

Darryl Vannoy, *Warden*; Peter Lollis, *Major*; John Maples, *Major*; Shawn Miller, *Sergeant*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-764

———————————————————

Before Jones, Barksdale, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Donald Barnes appeals the district court's dismissal of his claims against several prison officials under 42 U.S.C. § 1983 for failure to exhaust his administrative remedies. Because we agree with Barnes that administrative relief became unavailable when his grievance was mistakenly

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30122

rejected at the screening phase, leaving him with no way to pursue an administrative appeal, we REVERSE and REMAND.

I

Donald Barnes is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. In April 2019, he was placed in administrative lockdown, and assigned to a cell shared with Terrence Napoleon, who had killed another prisoner with a brick some weeks prior. Two nights after Barnes was placed in the cell, Napoleon cut Barnes's throat. Barnes survived, and 82 days after he was attacked, he filed a grievance with the Warden's Office asserting that several prison officials had been deliberately indifferent.

Louisiana's Administrative Remedy Procedure prescribes two steps that prisoners must take when using the grievance process. First, a formal grievance must be filed within 90 days of the complained-of incident. La. Admin. Code tit. 22, pt. 1, § 325(G)(1). Second, if the prisoner is not satisfied with the determination made at the first step, he may appeal to the secretary of the Department of Public Safety and Corrections. *Id.* § 325(J)(1)(b). But before any formal grievance is reviewed under the first step, it is first screened for deficiencies. *Id.* § 325(I).

Having been filed within the 90-day window, Barnes's grievance was timely. However, a screening officer mistakenly rejected the grievance as untimely, noting incorrectly that "THE DATE OF INCIDENT IS MORE THAN 90 DAYS PAST DUE." All parties agree this was an error. By the time Barnes's grievance was returned to him, over 90 days had passed since he was attacked.

In November 2019, Barnes filed the instant lawsuit under 42 U.S.C. § 1983 against the named prison officials, claiming that they had violated his Eighth Amendment rights by failing to protect him from a known dangerous

and violent offender.  Appellees moved for summary judgment, arguing that Barnes had failed to exhaust his administrative remedies.  The district court granted Appellees' motion and dismissed Barnes's claims.

## II

We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court and viewing the evidence in the light most favorable to the non-moving party.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010); *Huskey v. Jones*, 45 F.4th 827, 830 (5th Cir. 2022). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under the federal Prison Litigation Reform Act, prisoners may not bring any action under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "The petitioner must have 'pursue[d] the grievance remedy to conclusion'—substantial compliance with administrative procedures is not enough."  *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).  The procedures that prisoners must follow "are defined not by the PLRA, but by the prison grievance process itself."  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015).

Louisiana's Administrative Remedy Procedure, contained within the Louisiana Administrative Code, prescribes a two-step grievance process with an initial screening phase.  "[A] prisoner has not exhausted his remedies until he has completed both" of those steps.  *Bargher*, 928 F.3d at 447.  But when a grievance is rejected at the screening phase, it cannot proceed further.  La. Admin. Code tit. 22, pt. 1, § 325(I)(1)(c)(iii).  Instead, "the offender must

correct the noted deficiencies and resubmit the request to the ARP screening officer." *Id.*

Barnes did not exhaust his administrative remedies under the ARP's plain terms. He did not proceed to the second step because his grievance was rejected at the screening phase, preventing him from appealing before he corrected the "noted deficiencies" in his grievance. Usually, our analysis would end there.

However, the PLRA requires exhaustion only of "such administrative remedies as are *available*." 42 U.S.C. § 1997e(a) (emphasis added). Accordingly, the Supreme Court has instructed that "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). For example, a remedy is unavailable when it is "essentially 'unknowable'— so that no ordinary prisoner can make sense of what it demands." *Id.* at 644 (quoting *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1323 (11th Cir. 2007)); *see also Goebert*, 510 F.3d at 1322–23 (holding that where "there is nothing in [an inmate handbook] about any procedure for appealing the denial of a complaint," that process is unknowable).

Here, the ARP does not provide instruction to prisoners like Barnes whose otherwise-proper grievances are mistakenly rejected at the screening phase. They are expressly prohibited from appealing that determination, La. Admin. Code tit. 22, pt. 1, § 325(I)(1)(c)(iii), and even if some other avenue exists to correct the *screening officer's* mistake, the ARP does not explain it. Further, had Barnes submitted a new grievance pointing out the mistake, that grievance would itself have fallen outside the ARP's 90-day window. It would have been reasonable for him to believe that he could no longer submit a timely correction. Any remedy the ARP may have provided Barnes at that

point was essentially unknowable, and he was not required to exhaust any such remedy.

We stress that our holding is a narrow one confined to the facts before us. As *Ross* itself made clear, there is no "special circumstances" exception to the PLRA and prisoners should always "err on the side of exhaustion" when doubts arise. 578 U.S. at 641–42, 644. And we have previously held that "courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Huskey*, 45 F.4th at 832 (quoting *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015)). But here, due to the mistake by the screening officer, Barnes had no such opportunity.

\*     \*     \*

We REVERSE and REMAND for further proceedings consistent with this opinion.