# United States Court of Appeals for the Fifth Circuit

———————

No. 22-30126

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2023

Lyle W. Cayce
Clerk

CONNIE BOURQUE, *on behalf of herself and all others similarly situated*,

*Plaintiff—Appellee*,

*versus*

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-1359

———————————————————

Before JONES, CLEMENT, and HAYNES, *Circuit Judges*.

EDITH BROWN CLEMENT, *Circuit Judge*:

State Farm Mutual Automobile Insurance Co. challenges the district court's decision to certify a class action against it. In *Sampson v. United Services Automobile Ass'n*, we addressed a certified class nearly identical to that at issue here and determined that class certification was error. 83 F.4th 414 (5th Cir. 2023). Because that decision controls the outcome of this case, we VACATE the district court's class certification decision and REMAND.

No. 22-30126

I.

A.

Connie Bourque is a Louisiana resident whose car was insured by State Farm. Under the terms of her insurance policy, Bourque was entitled to receive the actual cash value ("ACV") of her vehicle upon the occurrence of a total loss. Louisiana law prescribes three methods for calculating ACV including, as relevant here, using "a generally recognized used motor vehicle industry source; such as, an electronic database, if the valuation documents generated by the database are provided to the first-party claimant, or a guidebook that is available to the general public." La. Stat. Ann. § 22:1892.

When Bourque totaled her car in March 2018, she filed a claim with State Farm, and State Farm used a product known as the Autosource Market-Driven Valuation to determine the ACV of Bourque's vehicle. Believing that the Autosource valuation of her car was less than the true ACV, Bourque filed a class-action suit in October 2019.[1] She alleged that by using the Autosource valuation for ACV, State Farm breached the insurance contract and violated its duty of good faith and fair dealing under Louisiana Law. *See* La. Stat. Ann. § 22:1973.

In May 2021, Bourque moved to certify a class of "[a]ll persons insured by State Farm who have made a claim for first party total loss, which claim State Farm evaluated using Autosource, or a predecessor product, from January 1, 2017 to the present date." But the district court found that this class definition encompassed uninjured individuals, namely those for whom the Autosource valuation of their vehicle was equivalent to (or even

---

[1] Bourque was originally a co-plaintiff with Darren Shields. But Shields' claims were later dismissed on the grounds of judicial estoppel, and he is not a party to this appeal.

No. 22-30126

more than) the ACV. So, the court redefined the class to include only individuals whose car's Autosource valuation was less than the value according to the National Automobile Dealers Association ("NADA") Official Used Car Guide. On January 3, 2022, the district court certified a class consisting of:

> All persons insured by State Farm in Louisiana who have made a claim for first party total loss, which State Farm evaluated using Autosource, or a predecessor product, from January 1, 2017, to October 15, 2021, and whose Autosource Base Value was less than the NADA Fully Adjusted Value ("Clean Retail").

We granted interlocutory review.

### B.

At the same time as they were seeking class certification in this case, Bourque's attorneys were litigating a nearly identical class-action dispute—*Sampson*—against the United Services Automobile Association ("USAA") in the same court before the same district judge. The only appreciable factual difference between the case against USAA and the case against State Farm was that instead of using Autosource to calculate ACV, USAA used the CCC One Market Valuation Report.

Although the complaint in *Sampson* had been filed three months before Bourque's, the *Sampson* plaintiffs did not move for class certification until after the *Bourque* class was certified. So, unsurprisingly, the *Sampson* plaintiffs' proposed class definition mirrored that of the class certified in *Bourque* in every material respect. On May 3, 2022, the district court certified a class in *Sampson* consisting of:

> All persons insured by USAA and USAA General Indemnity Company who have made a claim for first party total loss, which claim USAA and USAA General Indemnity Company

evaluated using CCC, or a predecessor product from August 15, 2010 to the present date and whose CCC Base Value was less than the NADA Fully Adjusted Value ("Clean Retail").

We granted interlocutory review in *Sampson* as well, and ultimately held this case in abeyance pending the outcome of *Sampson*.

The *Sampson* opinion was filed on October 6, 2023. Our court noted that, under Louisiana law, proof of injury is an essential element of a breach of contract claim. *Sampson*, 83 F.4th at 421. So, class certification was only proper if plaintiffs could prove injury—*i.e.*, underpayment—on a class-wide basis. *Id.* at 422. Plaintiffs contended that they had met this standard because any class member who was paid less than the NADA value of their vehicle necessarily received less than ACV and therefore suffered an injury. But we rejected that premise, explaining that NADA value was just one of many statutorily acceptable methods for calculating ACV, and therefore pinning ACV to NADA value constituted an impermissibly arbitrary choice of a liability model. *Id.* We therefore vacated the district court's grant of class certification. *Id.* at 423.

## C.

Due to the similarities between the two cases, we ordered the parties in this case to file supplemental briefs concerning the effect of *Sampson* here. State Farm claims that "*Sampson* resolves all issues relevant to this appeal and requires the same result." Bourque argues that the facts and record here are different, and therefore a different result is called for. In particular, Bourque notes that *Sampson* did not reach the question of whether proof of injury is an element of a bad faith claim under Louisiana law, and therefore Bourque contends that *Sampson* does not preclude class certification here.

## II.

We review *de novo* whether the district court applied the correct legal standard in determining whether to certify a class and review the ultimate certification decision for abuse of discretion. *Chavez v. Plan Benefit Servs., Inc.*, 77 F.4th 370, 378 (5th Cir. 2023). "Where a district court bases its legal analysis on an erroneous understanding of the governing law, it has abused its discretion." *Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 304 (5th Cir. 2009).

"Under our rule of orderliness, one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 305 (5th Cir. 2018) (internal quotation marks and citation omitted), *aff'd*, 139 S. Ct. 1843 (2019).

## III.

We find that our decision in *Sampson* controls the outcome of this case. Here, as in *Sampson*, the district court's class certification decision was based, in relevant part, on its determination that "[t]he difference between a lawful measure, such as NADA, and the Autosource-derived ACV provides an appropriate measure for determining who might have suffered economic harm as a result of State Farm's allegedly improper use of Autosource." But, as was the case in *Sampson*, Bourque did not propose looking to "a system *like* NADA" to establish injury; instead, she "picked out NADA and NADA alone" despite the fact that "other valuation methods, including [Kelley Blue Book] and others, [are] equally legal and legitimate alternatives." *Sampson*, 83 F.4th at 419. Thus, per *Sampson*, Bourque's "arbitrary choice of a liability model" fails to meet the strictures of Rule 23. *Id.* at 422–23 (emphasis omitted).

True, Bourque—unlike the plaintiffs in *Sampson*, *id.* at 422 & n.6—properly preserved her argument that proof of injury is not an element of a bad faith claim under § 22:1973. But even if she is correct in that assertion, it makes no difference. Under Louisiana law, "[b]reach of contract is a condition precedent to recovery for the breach of the duty of good faith." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010); *accord Pelle v. Munos*, 296 So. 3d 14, 25 (La. Ct. App. 2020). And to establish the underlying breach of contract, proof of injury is required—proof that Bourque failed to establish can be made on a class-wide basis. *Sampson*, 83 F.4th at 421–23.

## IV.

For these reasons, we VACATE the district court's grant of class certification and REMAND for further proceedings.