# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2026

Lyle W. Cayce

Clerk

————————

No. 24-50836

————————

Sara Shannon, *Individually and on behalf of all others similarly situated*;
Rosa Palacios, *Individually and on behalf of all others similarly situated*,

*Plaintiffs—Appellants*,

*versus*

The Allstate Corporation; Allstate Insurance
Company,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-448

———————————————————————

Before Graves and Duncan, *Circuit Judges*.[*]

Per Curiam:[**]

Plaintiffs Sara Shannon and Rosa Palacios filed a class action lawsuit against The Allstate Corporation and Allstate Insurance Company

———————————————

[*] Judge Dennis was a member of the panel that heard this case but took inactive status after the case was submitted. This matter is decided by a quorum under 28 U.S.C. § 46(d).

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50836

(collectively, "Allstate"), asserting that Allstate violated the Texas Insurance Code by charging longstanding customers higher premiums than new customers for materially identical auto-insurance coverage. The district court ruled in favor of Allstate and denied class certification, finding that the filed-rate doctrine precluded relief. Because Plaintiffs' action inherently challenges the reasonableness of the filed insurance rates reviewed by the Texas Department of Insurance ("TDI"), the filed-rate doctrine bars the action. We AFFIRM.

I.

Shannon and Palacios hold auto insurance policies with Allstate. They claim Allstate unfairly discriminated against them in its insurance ratemaking process, in violation of the Texas Insurance Code, which prohibits "unfair discrimination between individuals of the same class and of essentially the same hazard . . . [in] the amount of premium, policy fees, or rates charged for a policy or contract of insurance." Tex. Ins. Code Ann. § 544.052. According to Plaintiffs, Allstate engaged in a scheme to charge customers varying premiums without any actuarially sound reason. This scheme involved Allstate's creation of an internal projection model, which calculated how much a policyholder would tolerate premium increases before switching to another insurance carrier. Allstate then used this model to "discriminate" against some customers based on their tolerance for paying increased premium costs.

Plaintiffs alleged Allstate maintained the following discriminatory ratemaking process. First, Allstate assigned policyholders a figure known as a "microsegment," representing an internal projection of a customer's elasticity or inelasticity to premium changes. There were more than 900 million microsegments created from the combination of customers' birthdays, zip codes, ages, and genders. Second, Allstate selected a premium

2

for each customer based on the projection of the customer's tolerance to premium increases. Allstate "reverse engineered" the desired policy premium into a "complimentary group rating" ("CGR") group that had the "multiplier necessary to achieve the premium Allstate had already unilaterally selected for that policy renewal." Plaintiffs theorize this process allowed Allstate to bypass the filed rating plan in order to "make renewal rates be whatever [Allstate] want[ed]."

Plaintiffs moved to certify a class of all Texas Allstate insurance policyholders between July 27, 2014, and September 9, 2020, arguing that they had been discriminated against based on Allstate's ratemaking practices.

Allstate filed a competing motion for summary judgment, averring that Plaintiffs' claims were barred by the filed-rate doctrine because Allstate filed its ratemaking procedures, including the CGR factors, with the TDI, who did not disapprove of the ratemaking plan. Alternatively, Allstate argued that Plaintiffs' claims: (1) failed to identify other policyholders "of the same class and essentially the same hazard" that were charged different premiums, and (2) failed to prove damages—necessary prerequisites to asserting insurance discrimination claims.

The district court denied the motion for class certification and granted summary judgment in favor of Allstate. It found that the filed-rate doctrine barred Plaintiffs' claims because Plaintiffs sought to challenge the reasonableness of the insurance premiums. Plaintiffs timely appealed.

## II.

Our review is de novo. *Huskey v. Jones*, 45 F.4th 827, 830 (5th Cir. 2022). Summary judgment is proper "if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347 (5th Cir. 2016) (citation modified). "We review de novo whether the district

court applied the correct legal standard in determining whether to certify a class and review the ultimate certification decision for abuse of discretion." *Bourque v. State Farm Mut. Auto. Ins. Co.*, 89 F.4th 525, 528 (5th Cir. 2023).

## III.

The filed-rate doctrine "bars judicial recourse against a regulated entity based upon allegations that the entity's 'filed rate' is too high, unfair or unlawful." *Tex. Com. Energy v. TXU Energy, Inc.*, 413 F.3d 503, 507 (5th Cir. 2005) (*citing Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409 (1986)). "[T]he doctrine holds that any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Id.* at 508 (citing *Wegoland, Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994)).

Courts have applied the doctrine to various regulatory fields, including the insurance industry. *See, e.g.*, *Winn v. Alamo Title Ins. Co.*, 372 F. App'x 461, 463 (5th Cir. 2010) (per curiam). Regardless of the applicable field, a key principle underlying the doctrine is nonjusticiability. *Marcus v. AT&T Corp.*, 138 F.3d 46, 61 (2d Cir. 1998) (nonjusticiability is implicated because "[t]he filed rate doctrine prevents more than judicial rate-setting; it precludes any judicial action which undermines agency rate-making authority"). Thus, even claims nominally focused on services or billing are barred if damages would require a court to evaluate the reasonableness of filed rates. *AT&T Co. v. Cent. Office Tel., Inc.*, 524 U.S. 214, 223 (1998).

To avoid application of the filed-rate doctrine, Plaintiffs claim they challenge Allstate's discriminatory retention model, not the reasonableness of any rate. Plaintiffs rely on a Sixth Circuit case wherein the plaintiffs challenged post hoc rebates that effectively lowered rates for some customers below those filed with the regulatory agency, with no agency review of the payments at issue. *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 792–93

(6th Cir. 2012). Plaintiffs alternatively claim that the filed-rate doctrine is not implicated because the retention model at issue was "secret" and not part of the rating plan Allstate filed with the TDI.

*Williams* is inapposite, as there is no evidence Allstate engaged in any post hoc conduct—like deviating from their filed rating plan—like the defendant in *Williams*. We have also rejected Plaintiffs' framing of their claims in similar circumstances. *See Winn v. Alamo Title Ins. Co.*, No. A-09-CA-214, 2009 WL 7099484, at *8–9 (W.D. Tex. May 13, 2009), *aff'd*, 372 F. App'x at 463. In *Winn*, we agreed with the district court that the plaintiffs' attempt to recover damages based on the defendant's illegal conduct "clearly rest[ed] on the amount paid by Plaintiffs for . . . insurance, effectively implicating the validity of the rates set for title insurance in Texas" and approved by the TDI. *Id.* Plaintiffs' challenge is similar, and precisely the type courts have rejected as barred by the filed-rate doctrine.

Plaintiffs also fail to put forth evidence demonstrating that the filed-rate doctrine is otherwise inapplicable. Allstate filed all insurance rating systems and models—including those derived from the retention model—with the TDI, including the CGR factors. Allstate set customer premiums based on their filed rate plans. The TDI did not disapprove of Allstate's ratemaking scheme. *See* Tex. Ins. Code Ann. § 2251.103(a) ("[T]he commissioner shall disapprove the rate if the commissioner determines that the rate does not comply with the requirements of this chapter."). At bottom, the filed-rate doctrine prohibits "judicial ratemaking" or second-guessing the TDI's authority over insurance ratemaking in the state of Texas.

IV.

The district court also correctly denied Plaintiffs' motion for class certification. Because Plaintiffs' claims fail on the merits, denial of class certification is proper. *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S.

No. 24-50836

395, 403 (1977).[1] Without individual claims at stake, the named Plaintiffs cannot adequately represent the interests of any proposed class. *See Trevino v. Holly Sugar Corp.,* 811 F.2d 896, 905–06 (5th Cir. 1987).[2]

## V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Rodriguez*, 431 U.S. at 403 (citation modified). This is necessary under Rule 23(a)(4)'s adequacy of representation requirement. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997).

[2] *See also Stuart v. Ingalls Shipbuilding, Inc.*, 163 F.3d 1356 (5th Cir. 1998) (unpublished) ("If summary judgment on the claims of the individual plaintiffs is upheld, the court need not address the issue of class certification because the proposed representatives would not be able to represent the putative class adequately.").